**Opinion issued May 15, 2014**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-13-00830-CR

———————————

**DAVID MICHAEL STARKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1397088**

---

## MEMORANDUM OPINION

Appellant, David Michael Starks, pleaded guilty to the felony offense of harassment of a public servant, and, in an enhancement paragraph, was alleged to have previously committed the felony offence of tampering with evidence. *See* TEX. PENAL CODE ANN. § 22.11 (West 2011); TEX. PENAL CODE ANN. § 37.09

(West Supp. 2013).  The trial court found appellant guilty of the charge, found the enhancement paragraph to be true and, in accordance with the terms of appellant's plea bargain agreements with the State, sentenced appellant to confinement for three years.  Appellant filed a *pro se* notice of appeal.  We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the record on appeal. *See id.*  The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  The records support the trial court's certification.  *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we must dismiss these appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).